UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IN RE LIVEMERCIAL AVIATION HOLDING, LLC<br>    Debtor.<br>_____<br><br>CPA WAREHOUSE & JOHNNY MATHIS,<br>    Appellants/Defendants,<br><br>    v.<br><br>DANIEL L FREELAND, CHAPTER 7 TRUSTEE,<br>    Appellee/Plaintiff. | Bkrtcy. Case. No.: 10-20051<br>Adv. Case No.: 12-2168-JPK<br><br><br><br><br><br>**Cause No. 2:14cv187** |

## OPINION AND ORDER

This is a bankruptcy appeal in which the appellants, Johnny Mathis and CPA Warehouse, seek leave to file an interlocutory appeal of the bankruptcy court's denial of their motion to dismiss in the adversary proceeding brought against them by the bankruptcy trustee. For simplicity sake, I will refer to both appellants as "CPA Warehouse" unless context requires otherwise. For the foregoing reasons, the CPA Warehouse's Motion for Leave to Appeal will be denied. [DE 5].

The procedural history on this case is a little complicated, and because of that, I find myself in the undesirable position of having to deny a motion for leave to appeal where both the appellants' opening brief and appellee's response brief have already been filed.

Here's the history: on March 26, 2014, the bankruptcy court issued an order denying

CPA Warehouse's motion to dismiss an adversary action filed by the Trustee in a Chapter 7 bankruptcy proceeding (*In Re Livemercial Aviation Holding, LLC*, No. 10-20051). On June 2, 2014, CPA Warehouse filed a notice of appeal in this Court. [DE 1.] At the same time, CPA Warehouse filed a second notice of appeal regarding the same motion to dismiss under a separate case number (2:14cv186). On June 16, 2014, CPA Warehouse filed its Motion for Leave to Appeal [DE 5] in both the present case and the -186 case, identifying the same issues on appeal. Two days later, CPA Warehouse requested an extension of time to file its opening brief. [DE 6.] I did not rule on that motion as it would not be prudent to grant or deny the request on an appeal that I had not yet ruled was properly before me. Shortly thereafter, on June 19, 2014, Appellee Trustee Daniel Freeland filed his response to the motion for leave to appeal. [DE 7] CPA Warehouse did not file a reply. Instead, on June 30, 2014 (the date it requested an extension), CPA Warehouse filed Appellants' Opening Brief [DE 8]. A few days later, the parties agreed to dismiss the -186 appeal, but the present appeal still remained. On July 14, 2014, Freeland filed his response brief to CPA Warehouse's motion for leave to appeal. [DE 9]

Accordingly, because of the confusion regarding the relationship between and status of the two appeals and the relatively short briefing schedule set forth by Rule 8009(a) of the Federal Rules of Bankruptcy Procedure, I am only now in the position of denying CPA Warehouse's leave to appeal. It is unfortunate that I am doing so after the parties have already expended effort in submitting appellate briefs to the Court.

In general, a denial of a motion to dismiss – whether in the bankruptcy context or otherwise – is not considered to be a final, appealable order. *In re Jartran, Inc.*, 886 F2d 859,

864 (7th Cir. 1989). Under 28 U.S.C. § 158(a)(3), however, I have discretion to hear this matter as an interlocutory appeal. And although bankruptcy courts are not required to certify an interlocutory appeal before a party may file a motion for leave to appeal as non-bankruptcy courts are required to do, *In re Jartran*, 886 F.2d at 865-66, a motion for leave to file an interlocutory appeal in the bankruptcy context is still evaluated using the same Section 1292(b) standards as non-bankruptcy cases. *See Gouveia v. I.R.S.*, 228 B.R. 412, 412 (N.D.Ind. 1998); In *re IFC Credit*, Nos. 10C256, 10C719, 10C749, 2010 WL 1337142 at *2 (N.D.Ill. March 31, 2010). Those standards are that "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis original). "Unless *all* these criteria are satisfied," I can't take the appeal. *Id.* at 676 (emphasis original).

The basic problem with this appeal is that it doesn't involve a *contestable* question of law, *i.e.* a question of law where there is substantial ground for difference of opinion. *See Ahrenholz*, 219 F.3d at 675; *In re IFC Credit*, 2010 WL 1337142 at *2. CPA Warehouse moved to dismiss Freeland's adversary proceeding to avoid a fraudulent transfer relating to Livemercial's Chapter 7 Bankruptcy. CPA Warehouse argued that Freeland's action was time-barred under 11 U.S.C. § 546(a) which requires that an adversary proceeding must be filed either two years after the filing of the bankruptcy petition or one year after the appointment of the trustee (whichever is later, so long as that appointment occurred within two years of filing). According to CPA Warehouse, Freeland was not appointed as the permanent trustee until more than two years after filing, so he could not reap the benefit

of the one-year extension, and therefore his action was time-barred when it was filed more than two years after the bankruptcy petition. Freeland argued that a one-year extension applied because he was appointed as a temporary trustee during the two-year time period, triggering the one-year extension, and therefore his action was not time-barred since he filed within the one-year extension period.

The bankruptcy court attacked the problem from a different angle. The judge found that although Mr. Freeland's action ordinarily would be time-barred under the statute according to the recent Seventh Circuit decision *In re Draiman*, 714 F.3d 462 (7th Cir. 2013), that case also explicitly stated that Section 546(a) is subject to equitable tolling (a point raised by Freeland during briefing on the issue). (Order re Mot. to Dismiss at 10.) The bankruptcy court found that the debtor repeatedly failed to appear at meetings, repeatedly failed to turnover requested documents, and that more specifically, Appellant Johnny Mathis (the principal of both the debtor Livemercial and the defendant CPA Warehouse) "did not provide clear answers" as to the transaction at issue. (*Id*. at 5-8; 14.) The bankruptcy court held that these actions hampered Freeland's ability to uncover the grounds for the adversary proceeding, so equitable tolling was appropriate in this case. (*Id*. at 16-17.)

Contrary to CPA Warehouse's claim, therefore, the bankruptcy court *did* apply the controlling law in this matter – *In re Draiman* – it just did so in a way that CPA Warehouse doesn't agree with. But that's not enough. If a mere disagreement in how the law is applied to the facts of a particular case was all that was needed for an interlocutory appeal,

4

every single denial of a motion to dismiss would present grounds for interlocutory appeal. *(See Ahrenholz*, 219 F.3d at 676 for a similar discussion regarding denials of summary judgment, concluding "[a] denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable.") That can't be right; such a rule would render both Section 1292(b) and Section 128(a) meaningless, as these actions would be essentially automatically appealable. *See id.* at 676. What CPA actually contests is whether the facts of its case present an appropriate set of facts for equitable tolling of Section 546(a), rather than whether equitable tolling ever applies to Section 546(a). The latter is the type of question Section 1292(b) is intended to resolve and is not what has been presented to me. And even if it was, I would reach the same conclusion since *In re Draiman* has spoken conclusively on that issue.

Both parties agree that *In re Draiman* controls this issue. [DE 5 at ¶ 14-15; DE 7 at ¶ 14.] Neither party contests the bankruptcy court's reliance on *In re Draiman* and the cases cited within it on the issue of equitable tolling. CPA Warehouse thus presents no "contest" about the controlling law, nor any "substantial ground for difference of opinion" about the controlling law, nor cites to any other law as controlling. *See* 28 U.S.C. § 1292(b); *In re IFC Credit*, 2010 WL 1337142 at *2. Simply put, *In re Draiman* explicitly states that equitable tolling applies to 11 U.S.C. § 546(a); CPA Warehouse presents no argument as to why that wouldn't be the case or why any other law would apply; and the bankruptcy court found that the facts presented an appropriate situation for equitable tolling. There is nothing for me to do here at this time. Therefore, CPA Warehouse's motion for leave to appeal [DE 5]

5

is DENIED.  All other pending motions are rendered MOOT by this ruling.

**SO ORDERED**.

ENTERED: July 21, 2014

                                                                  s/Philip P. Simon
                                                                  PHILIP P. SIMON, CHIEF JUDGE
                                                                 UNITED STATES DISTRICT COURT